IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILLIAM SILKNITTER,

    Petitioner,

v.

WARDEN, ALLEN
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:19-CV-00717
JUDGE ALGENON L. MARBLEY
Chief Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Petition, Respondent's Return of Writ, and the exhibits of the parties. For the reasons that follow, the Undersigned **RECOMMENDS** that this action be **DISMISSED.**

## I. Facts and Procedural History

Petitioner challenges his convictions pursuant to his guilty plea in the Union County Court of Common Pleas on six counts of sexual battery. The Ohio Third District Court of Appeals summarized the facts and procedural history of the case as follows:

> {¶ 2} This case stems from allegations that Silknitter sexually abused his stepdaughter, D.D., between 2002 and 2014, when D.D. was between the ages of 7 and 19 years old. (See Doc. No. 114). After initially indicting Silknitter on September 2, 2014, the Union County Grand Jury on July 10, 2015 indicted him on 64 counts. (Doc. Nos.1, 87). Those 64 counts consisted of the following: 6 counts of rape in violation of R.C. 2907.02(A)(1)(b), (B), first-degree felonies; 5 counts of gross sexual imposition in violation of R.C. 2907.05(A)(4); 27 counts of rape in violation of R .C. 2907.02(A)(2), (B), first-degree felonies; 12 counts of sexual battery in violation of R.C. 2907.03(A)(5), (B), third-degree felonies; 12 counts of gross sexual imposition in violation of R.C. 2907.05(A)(1), (C)(1), fourth-degree felonies; 1 count of intimidation of an attorney, victim, or witness in a criminal case in violation of R.C. 2921.04(B)(1), (D), a third-degree felony; and 1 count of intimidation of an attorney, victim, or witness in a criminal case in violation of R.C.

2921.04(B)(2), (D). (Doc. No. 87). Silknitter initially pled not guilty to the counts. (See Doc. No. 98).

{¶ 3} On January 19, 2016, Silknitter and the State entered into a negotiated plea agreement. (Doc. No. 167). Under the agreement, Silknitter entered pleas of guilty to six counts of sexual battery in violation of R.C. 2907.03(A)(5), (B), third-degree felonies. (Id.). At the request of the State, the trial court dismissed the remaining counts of the superseding indictment. (*Id*.).

{¶ 4} The trial court held a sentencing hearing and a sex-offender-registration hearing on March 3, 2016. (Mar. 3, 2016 Tr. at 4). The trial court sentenced Silknitter to 48 months in prison on each of the six counts of sexual battery, to be served consecutively for a total term of imprisonment of 288 months. (*Id*. at 88); (Doc. No. 172). The trial court also classified Silknitter as a Tier III sex offender. (Mar. 3, 2016 Tr. at 92); (Doc. No. 173). The trial court filed its judgment entries of sentence and sex-offender classification on March 3, 2016. (Doc. Nos.172, 173).

{¶ 5} On March 30, 2016, Silknitter filed a notice of appeal. (Doc. No. 178). He raises seven assignments of error for our review. We will address together Silknitter's first, second, third, and fourth assignments of error, followed by his fifth, sixth, and seventh assignments of error individually.

Assignment of Error No. I

The trial court failed to consider factors enumerated in R.C. 2929.12(E) which, if applied to Appellant, would show that he is not likely to commit future crimes; therefore, the trial court's sentence was unreasonable, contrary to law and inconsistent with the purposes of felony sentencing.

Assignment of Error No. II

The trial court's order imposing consecutive sentences on Appellant is not supported by the facts in this case and is therefore contrary to law.

Assignment of Error No. III

The trial court's sentence in this case is contrary to law because it is neither proportional or [sic] consistent with sentences imposed on similar offenders who committed similar crimes.

Assignment of Error No. IV

The trial court committed reversible error at sentencing by presuming that Appellant was guilty of committing sex crimes which were dismissed as part of Appellant's plea agreement and for considering other dismissed conduct.

*State v. Silknitter*, 3rd Dist. No. 14-16-07, 2017 WL 390332, at *1-2 (Ohio Ct. App. Jan. 30, 2017) (footnotes omitted). On January 30, 2017, the appellate court affirmed the judgment of the trial court. *Id*. On December 6, 2017, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Silknitter*, 151 Ohio St.3d 1454 (Ohio 2017).

On November 26, 2018, Petitioner filed this *pro se* habeas corpus Petition. As his sole ground for relief, Petitioner asserts that his classification as a Tier II sex offender violates the Eighth Amendment, and that Ohio's Senate Bill 10 violates the separation of powers doctrine. It is the position of the Respondent that this claim is procedurally defaulted and does not provide a basis for relief.

## II. Jurisdiction

Petitioner challenges the constitutionality of his mandatory classification as a Tier III sex offender under Ohio Rev. Code § 2950.01, which subjects him to lifetime registration and community notification requirements, as violating the Eighth Amendment and the separation of powers doctrine. This Court lacks jurisdiction to consider the issue because his claim does not satisfy the "in custody" requirement for relief under 28 U.S.C. § 2254.

Habeas corpus is available only to challenge the constitutionality of a prisoner's custody. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Kirby v. Dutton*, 794 F.2d 245 (6th Cir. 1986). Thus, 28 U.S.C. § 2254 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Although the Supreme Court has not interpreted 28 U.S.C. § 2254 as requiring "that a

prisoner be physically confined in order to challenge his sentence on habeas corpus," *Maleng v. Cook*, 490 U.S. 488, 491 (1989), "[t]he custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973) (holding that a petitioner who had been released on his own recognizance pending the execution of sentence was "in custody" for the purposes of federal habeas corpus).

Petitioner's designation as a sexual predator designation does not satisfy the custodial requirement of § 2254. *See Hautzenroeder v. Dewine*, 887 F.3d 737, 740-41 (6th Cir. 2018) (holding that Ohio's post-2007 enhanced Sex Offender Registration and Notification Act ("SORNA") requirements do not render a petitioner "in custody" so as to provide for relief under 28 U.S.C. § 2254). *See also Doty v. Warden, Toledo Corr. Inst.*, No. 1:12-cv-239, 2013 WL 429100, at *7 (S.D. Ohio Feb. 1, 2013) ("The Sixth Circuit has held that a petitioner, who attacks only his classification under Ohio's sex offender registration and reporting statute and not his underlying conviction and sentence, is not 'in custody' under the habeas statute" and the petition is subject to dismissal for lack of jurisdiction (citations omitted)). It is immaterial that Petitioner presently remains incarcerated, because he does not otherwise challenge his underlying judgment of conviction or sentence. He only challenges his designation as a Tier III sex offender. *See Fisher v. Frizzell*, No. 2:18-cv-627, 2018 WL 5784548, at *2 (S.D. Ohio Nov. 5, 2018) (citing *Moviel v. Smith*, No. 1:08-cv-1612, 2010 WL 148141, at *2 (N.D. Ohio Jan. 12, 2010) ("[P]recedent within this Circuit concludes that, even if the petitioner is currently incarcerated, a challenge of this nature fails to satisfy the 'in custody' requirement necessary to obtain habeas relief.") (citing *Ratliff v. Jefferys*, No. 3:06-cv-1931, 2007 WL 4248173 (N.D. Ohio Nov. 30, 2007)). "The Sixth Circuit has held that a petitioner, who attacks only his classification under

4

Ohio's sex offender registration and reporting statute and not his underlying conviction and sentence, is not 'in custody' under the habeas statute." *Doty v. Warden, Toledo Correctional Institution*, No. 1:12-cv-239, 2013 WL 429100, at *6 (S.D. Ohio Feb. 1, 2013) (citing *Lewis v. Randle*, 36 F. App'x at 780–81).

### III.  Recommended Disposition

For the foregoing reasons, it is **RECOMMENDED** that this action be **DISMISSED**.

### Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation.  See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
Chief United States Magistrate Judge